EXHIBIT A



| | |
|---|---|
| Judicial Links   \|    eFiling   \|    Help   \|    Contact Us   \|    Print | GrantedPublicAccess **Logoff DAVIDJERMANN** |

**2046-CC00202 - LINDA SPEER V WYNDHAM VACATION RESORTS, INC. (E-CASE)**

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending　○ Ascending　　Display Options: [All Entries]

| Date | Entry |
|---|---|
| **09/25/2020** | ☐ **Corporation Served**<br>Document ID - 20-SMCC-361; Served To - WYNDAM VACATION RESORTS INC; Server - ; Served Date - 17-SEP-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served<br>☐ **Notice of Service**<br>20-SMCC-361; Electronic Filing Certificate of Service. |
| **08/28/2020** | ☐ **Summons Issued-Circuit**<br>Document ID: 20-SMCC-361, for WYNDAM VACATION RESORTS INC. |
| **08/27/2020** | ☐ **Filing Info Sheet eFiling**<br>　**Filed By:** JOSEPH M. BACKER<br>☐ **Note to Clerk eFiling**<br>　**Filed By:** JOSEPH M. BACKER<br>☐ **Pet Filed in Circuit Ct**<br>Petition for Damages.-tm<br>　**On Behalf Of:** LINDA SPEER<br>☐ **Judge Assigned** |

Case.net Version 5.14.5　　　　　　　　Return to Top of Page　　　　　　　　Released 10/06/2020

CIRCUIT COURT OF TANEY COUNTY, MISSOURI

LINDA M. SPEER,
921 N.W. Northridge Court
Blue Springs, Missouri 64015

    Plaintiff

v.                                                       CIVIL ACTION NO.: _____

WYNDHAM VACATION RESORTS, INC.,     DIVISION NO.: _____
    Serve Registered Agent:
    Corporate Creations Network, Inc.
    12747 Olive Boulevard, Suite 300        DEMAND FOR JURY TRIAL
    St. Louis, Missouri 63141

    Defendant.

## PETITION FOR DAMAGES

COMES NOW the Plaintiff, Linda M. Speer, by and through the undersigned counsel, and for her Petition for Declaratory Judgment and for Damages against the above-named Defendant Wyndham Vacation Resorts, Inc., alleges and states as follows:

### THE PARTIES

1.    The Plaintiff, Linda M. Speer, is now, and was at all times material hereto a single person residing in Jackson County, Missouri. Plaintiff entered into a contract with Defendant, said contract referred to as Contract No. 00020-1644432.

2.    The Defendant Wyndham Vacation Resorts, Inc. (hereinafter "Wyndham"), is a Florida corporation in good standing, authorized to do business and doing business in the state of Missouri. Wyndham may be served with process by serving its registered agent listed above.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the parties to this case, as well as the subject matter of this lawsuit, and venue is properly placed in this court, as all of the acts complained of occurred in Taney County, Missouri.

## General Allegations

4. On or about the 31st day of October, 2016 Plaintiff entered into a contract agreement and installment note with Wyndham. Pursuant to the terms of the contract, the Plaintiff would pay the sum of $132,800.00 as and for ownership points in a vacation community.

5. At the time of the purchase, Plaintiff was told that she could use her timeshare points to reserve rooms in Wyndham properties as well as their timeshare resorts. Repeatedly the salesman for Defendant stated that Plaintiff could sell her points to others or rent them to others and use that money to pay her maintenance fees.

6. Plaintiff attempted to use the timeshare points on many occasions and was told that the timeshares were not available.

7. While presenting Plaintiff with the contract, Plaintiff was never given an opportunity to read and understand the contract, but rather, the salesman held the contract in his hand the entire time.

8. Plaintiff repeatedly said no to the salesman's proposals, but the salesman just simply continued to talk as though nothing had been said.

9. During the sales presentation the salesman first stated that the meeting would last approximately 90 minutes but the meeting lasted much longer than that.

10. At the end of the meeting the Plaintiff was extremely tired and was just tired of being there.

11. The meeting lasted approximately 4 hours.

12. Plaintiff was repeatedly told that she could always sell her timeshare back to the Defendants but the Defendants have not allowed that to happen.

13. Defendant repeatedly told Plaintiff that she was getting a great deal but that she must sign the contract that day. She could not come back later and get that same deal.

14. Once Plaintiff had purchased this timeshare and attempted to use the property, she was unable to secure a time when the property was available. This was after she had made repeated attempts to use the timeshare membership at several locations but was not able to get a reservation at any places she wanted to visit for any of the dates she selected.

## Fraud

COMES NOW, the Plaintiff and for Count I of her petition alleges and states:

15. Plaintiff adopts and incorporates each and every allegation of paragraphs 1 through 14 above as those set forth in full herein.

16. The actions and omissions of Wyndham concerning the terms and conditions of the contracts were made with the intent to defraud the Plaintiff.

17. Wyndham made the representations with the intent that the Plaintiff would rely upon those representations in deciding whether to buy a membership in the timeshare condominium.

18. The representations made by Wyndham were material to the decision of the Plaintiff to complete her purchase of the membership.

19. The representations made by Wyndham in representing the terms and use of the timeshare property upon the purchase by the Plaintiff were false.

20. Wyndham failed to use ordinary care in making such representations to the Plaintiff and the Plaintiff relied upon the representations made to her about the availability of the timeshare properties for use by her in making the purchase of the timeshare membership.

21. Defendant made the representations concerning the terms of the timeshare property to the Plaintiff without knowing whether those representations were true or false.

22. The Plaintiff relied upon the representations made by Wyndham in making her decision to enter into the contract and such reliance was reasonable.

23. As a direct and proximate result of such representations and silence by Wyndham, the Plaintiff suffered general and special damages as alleged in this petition, including but not limited to, the cost of the contract, shock, humiliation, embarrassment, stress, fear, worry, emotional upset, distress, inconvenience, and consequential damages.

24. Wyndham had a pattern and practice of misrepresenting or concealing the true nature of their contracts that they were having their customers sign.

25. This conduct of Wyndham was willful, wanton and malicious, done with reckless or conscious disregard for Plaintiff's rights, was outrageous because of evil motive or reckless disregard for Plaintiff's rights and the rights of others, and was done without just cause or excuse and Plaintiff is therefor entitled to an award of punitive damages to punish this Defendant and to deter this Defendant and others similarly situated from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Linda M. Speer demands judgment in her favor and against the Defendant Wyndham Vacation Resorts, Inc. in an amount in excess of $25,000.00 that is fair and reasonable, for the costs of this action, for a judgment of punitive damages, and for such other and further relief that the court deems just and equitable in the premises.

## Count II

### Violations of the Merchandising Practices Act, RSMO § 407.020.

COMES NOW, the Plaintiff and for Count II of her petition alleges and states as follows:

26. Plaintiff adopts and incorporates each and every allegation of paragraphs 1 through 25 above as those set forth in full herein.

27. Wyndham's conduct made during the course of their business, before, during, and after the sale as alleged, constituted violations of RSMo § 407.020 and the Attorney General regulation 15 CSR 60-7.010 through 15 CSR 60-9-110, having the force of law particularly including but not limited to:

a. The plaintiff repeatedly requesting the use of the timeshare and repeatedly being told it was not available;

b. Telling Plaintiff that she could sell her timeshare back to the Defendant when Defendant had no intention of ever buying the timeshare back;

c. Telling Plaintiff that she could sell or lease her points to others and use that income to pay her maintenance fees.

d. Drafting an arbitration clause that does not comply with the rules of the American Arbitration Association;

e. Including a choice of venue clause in the arbitration clause that violates the AAA's principal 7: Reasonably convenient location;

f. Including a limitation of damages clause in the arbitration clause that violates the AAA's principal No. 14: Arbitral remedies.

g. By engaging in other similar deceptive and fraudulent conduct that will become apparent throughout the discovery herein.

28. As approximate result of the breaches of § 407.020, Plaintiff has suffered general and special damages as alleged in this petition, including but not limited to, the cost of the contract, shock, humiliation, embarrassment, stress, fear, worry, emotional upset, distress, inconvenience, inconsequential damages.

29. This conduct of Wyndham was willful, wanton, malicious, done with reckless or conscious disregard for Plaintiff's rights, was outrageous because of evil motive or reckless disregard for Plaintiff's rights and the rights of others and was done without just cause or excuse and Plaintiff is therefore entitled to an award of punitive damages to punish this Defendant and to deter these Defendants and others similarly situated from engaging in similar conduct in the future.

30. Pursuant to § 407.025, Plaintiff is entitled to recover her actual damages, punitive damages, and attorneys' fees for Wyndham's violations of § 407.020.

WHEREFORE, Plaintiff Linda M. Speer demands judgment in her favor and against Defendant Wyndham Vacation Resorts, Inc. for her actual damages in an amount in excess of $25,000.00 that is fair and reasonable, for the cost of this action, for reasonable attorney's fees, for a judgment for punitive damages against Wyndham Vacation Resorts, Inc. and for such other and further relief as the court deems just and equitable in the premises.

## **Demand for Jury Trial**

COMES NOW the Plaintiff and hereby demands a jury trial on all issues in this case.

        Respectfully submitted,

        By: /s/ Joseph M. Backer
        The Backer Law Firm, LLC
        MBE #37550
        14801 East 42nd Street South
        Independence, MO 64055
        (816)283-8500
        (816)283-8501 fax
        jbacker@backerlaw.net

        ATTORNEYS FOR PLAINTIFF



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2046-CC00202 |
| Plaintiff/Petitioner:<br>LINDA SPEER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH M. BACKER<br>14801 E. 42ND STREET SOUTH<br>SUITE 100<br>INDEPENDANCE, MO 64055 |
| Defendant/Respondent:<br>WYNDAM VACATION RESORTS INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129<br>FORSYTH, MO 65653 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** WYNDAM VACATION RESORTS INC
                           **Alias:**
SERVE RA: CORPORATE CREATIONS
NETWORK INC
12747 OLIVE BOULEVARD SUITE 30
SAINT LOUIS, MO 63141

*COURT SEAL OF*
*TANEY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

      08/28/2020                             /s/ Amy Strahan,tm
_____        _____
            Date                                     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____        _____
                             Date                      Notary Public

**Sheriff's Fees, if applicable**
Summons                     $_____
Non Est                       $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $    10.00
Mileage                       $_____ (_____ miles @ $._____ per mile)
**Total**                          $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-361    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03326-LMC   Document 1-1   Filed 10/16/20   Page 9 of 11

Electronically Filed - Taney - September 25, 2020 - 08:56 AM

170  Return
Return SB 9/27



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JEFFREY M MERRELL | Case Number: 2046-CC00202 |
| Plaintiff/Petitioner: LINDA SPEER | Plaintiff's/Petitioner's Attorney/Address JOSEPH M. BACKER 14801 E. 42ND STREET SOUTH SUITE 100 INDEPENDANCE, MO 64055    37550 |
| vs. | |
| Defendant/Respondent: WYNDAM VACATION RESORTS INC | Court Address: 266 MAIN STREET PO BOX 129 FORSYTH, MO 65653 |
| Nature of Suit: CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WYNDAM VACATION RESORTS INC
Alias:
SERVE RA: CORPORATE CREATIONS NETWORK INC
12747 OLIVE BOULEVARD SUITE 300
SAINT LOUIS, MO 63141

12 DEPOS WV

COURT SEAL OF
TANEY COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08/28/2020  Date       /s/ Amy Strahan, tm   Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Melissa (name) Receptionist (title).
☐ other: _____
Served at 12747 Olive #300 (address)
in St Louis (County/City of St. Louis), MO, on 9/17/20 (date) at 0810 (time).

Scott DePolo
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
                        Date     Notary Public

RECEIVED SEP 14 2020 ST. LOUIS COUNTY SHERIFF'S OFFICE
2020 SEP 24 AM 9:27

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

9/16/20

20-SMCC-8698

OSCA (06-18) SM30 (SMCC) For Court Use Only   Document Id # 20-SMCC-36   1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

170 

Return
Return
SB 9/27

# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2046-CC00202 |
|---|---|
| Plaintiff/Petitioner:<br>LINDA SPEER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH M. BACKER<br>14801 E. 42ND STREET SOUTH<br>SUITE 100<br>INDEPENDANCE, MO 64055    37550 |
| Defendant/Respondent:<br>WYNDAM VACATION RESORTS INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129<br>FORSYTH, MO 65653 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** WYNDAM VACATION RESORTS INC
**Alias:**

SERVE RA: CORPORATE CREATIONS
NETWORK INC
12747 OLIVE BOULEVARD SUITE 300
SAINT LOUIS, MO 63141

12 DEPOS
WV

COURT SEAL OF
TANEY COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08/28/2020                    /s/ Amy Strahan, tm
Date                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Melissa (name) Receptionist (title).
☐ other: _____

Served at 12747 Olive #300 (address)
in St Louis (County/City of St. Louis), MO, on 9/17/20 (date) at 0810 (time).

Scott DePolo
Printed Name of Sheriff or Server             Signature of Sheriff or Server

RECEIVED
2020 SEP 14
ST LOUIS COUNTY SHERIFF'S OFFICE
AM 9:27

SEP 14 2020

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

9/16/20

20-SMCC-8698

OSCA (06-18) SM30 (SMCC) For Court Use Only    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo